1  McGREGOR W. SCOTT
   United States Attorney
2  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  E-mail:    Edward.olsen@usdoj.gov
   Telephone: (916) 554-2821
5  Facsimile: (916) 554-2900

6  Attorneys for the United States of America

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12 | SHANDA DAVIS,                          | Case No.

13 |                    Plaintiff,          | **NOTICE OF REMOVAL**

14 |             v.

15 | SHERWIN YU YEE LOO, D.C. an individual;
   | OMNI FAMILY HEALTH CENTER, a
16 | business entity; OMNI FAMILY HEALTH,
   | INC, a Corporation; and DOES 1 through 30
17 | inclusive,

18 |                    Defendants.

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the above-captioned action is hereby removed from the Superior Court of the State of California, County of Kern, to this Court. The grounds for removal are as follows:

1. Plaintiff filed a Complaint against Sherwin Yu Yee Loo D.C., Omni Family Health Center and Omni Family Health, Inc., on or about February 7, 2020, in Kern County Superior Court Case No. BCV-20-100377. A copy of the Complaint is attached hereto as **Exhibit A**. The Complaint seeks damages for alleged medical malpractice.

2. The above-captioned action must be removed to this Court pursuant to 42 U.S.C. § 233(c) because the Complaint is based, at least in part, on the performance of medical functions by a deemed employee of the Public Health Center (Omni Family Health). *See* 42 U.S.C. § 233(g)(4) (a public or non-profit private entity receiving federal funds under 42 U.S.C. § 254(b)).

3. A Certification of Course and Scope of Federal Employment attesting to the foregoing, duly executed by the Civil Chief of the United States Attorney's Office for the Eastern District of California is attached as **Exhibit B**.

4. This Court has original jurisdiction over civil actions for money damages for injury allegedly caused by the negligent or wrongful act or omission of a deemed federal employee occurring in the course and scope of his or her employment.

5. Removal is timely under 42 U.S.C. § 233(c) because no trial has commenced in Kern County Superior Court.

6. No bond is required pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2408.

WHEREFORE, the above-captioned action pending in the Superior Court of the State of California, Kern County, No. BCV-20-100377.

Dated:  August 6, 2020

*/s/ Edward A. Olsen*
EDWARD A. OLSEN
Assistant United States Attorney
United States Attorney's Office
Eastern District of California

# EXHIBIT A

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Joseph S. Farzam, Esq. SBN 210817
JOSEPH FARZAM LAW FIRM
11766 Wilshire Blvd., Suite 280
Los Angeles, CA 90025
TELEPHONE NO.: (310) 226-6890    FAX NO.: (310) 226-6891
ATTORNEY FOR (Name): Plaintiff, SHANDA DAVIS

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** KERN
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: METROPOLITAN DIVISION

**CASE NAME:** DAVIS vs. LOO, D.C., OMNI FAMILY HEALTH, et al.

**FOR COURT USE ONLY**
ELECTRONICALLY FILED
2/7/2020 3:18 PM
Kern County Superior Court
By Rebecca Saldivar, Deputy

**CIVIL CASE COVER SHEET**
[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter   [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: BCV-20-100377
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[✓] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation** (Cal. Rules of Court, rules 3.400–3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): One - Medical Negligence
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 7, 2020
Joseph S. Farzam, Esq. SBN 210817
(TYPE OR PRINT NAME)    ▶ /s/ Farzam (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice– Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]　　　　**CIVIL CASE COVER SHEET**　　　　Page 2 of 2

Joseph S. Farzam, SBN 210817
James Doddy, SBN 233611
**JOSEPH FARZAM LAW FIRM**
A Professional Law Corporation
11766 Wilshire Blvd., Suite 280
Los Angeles, California 90025
Tel: (310) 226-6890
Fax: (310) 226-6891

Attorneys for Plaintiff,
SHANDA DAVIS

ELECTRONICALLY FILED
2/7/2020 3:18 PM
Kern County Superior Court
By Rebecca Saldivar, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF KERN

| | |
|---|---|
| SHANDA DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>SHERWIN YU YEE LOO, D.C., an individual, OMNI FAMILY HEALTH CENTER, a business entity, OMNI FAMILY HEALTH, INC., a Corporation, and DOES 1 through 30 inclusive,<br><br>Defendants. | Case No.: BCV-20-100377<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff SHANDA DAVIS, who complains of Defendants above-named, and each of them, as follows:

### FIRST CAUSE OF ACTION OF PLAINTIFF SHANDA DAVIS AGAINST DEFENDANTS SHERWIN YU YEE LOO, D.C., OMNI FAMILY HEALTH CENTER, OMNI FAMILY HEALTH, INC. AND DOES 1 THROUGH 30 INCLUSIVE, FOR NEGLIGENCE

1. At all times mentioned herein, Defendants SHERWIN YU YEE LOO, D.C. and DOES ONE through TEN inclusive, and every DOE in between, were and now are

PLAINTIFF'S COMPLAINT- 1

physicians, duly licensed to practice their profession in the state of California and engaged in the practice of their said profession in the county of Kern, state of California.

2. At all times mentioned herein, Defendants OMNI FAMILY HEALTH CENTER, operating under OMNI FAMILY HEALTH, INC., and DOES ELEVEN through THIRTY were and are corporations organized under and existing by virtue of the laws of the state of California. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein were, at all times mentioned herein, and are now, corporations licensed to do business in the county of Kern, state of California.

3. The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOE ELEVEN through THIRTY, inclusive, and each DOE in between, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. When the true names and capacities or participation of such fictitiously designated defendants are ascertained, plaintiff will ask leave of court to amend this complaint to insert said true names, identities and capacities, together with the proper charging allegations. Plaintiff is informed and believes and thereon alleges that each of the defendants sued herein as a DOE is responsible in some manner for the events and happening herein referred to, thereby proximately causing the injuries and damages to plaintiff as hereinafter set forth.

4. Plaintiff is in doubt and does not know exactly from which of the defendants sued herein, she is entitled to redress, and whether she suffered the damages herein described as a result of the combined acts of the defendants, or one or more of them. Therefore, plaintiff names all of the defendants, and each of them sued herein as enumerated on the caption page of this complaint, and asks that the court determine the nature and extent of the responsibility which falls upon each and all of said defendants, and that the court award judgment to plaintiff as against each and all of the defendants, either jointly or severally, as may be found liable.

5. At all times mentioned herein, each of the defendants sued herein was the agent, alter ego, servant and employee of each other and of its said co-defendants and

was, as such, acting within the time, place, purpose and scope of the said agency, service and employment; each of the defendants, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other defendant as an agent, servant and employee, and ratified the conduct of each of the defendants.

6. At all times mentioned herein, Defendants OMNI FAMILY HEALTH CENTER, OMNI FAMILY HEALTH, INC. and DOES ELEVEN through THIRTY inclusive, and every DOE in between, and each of them, were now and are, among other things, engaged in owning and operating, maintaining, managing and doing business as a medical center in the county of Kern, and in rendering medical, hospital, diagnostic, nursing, and other care to the public for compensation; all of the acts complained of herein by plaintiff against said defendants were done and performed by said defendants by and through their duly authorized agents, servants and employees, and each of them, all of whom were, at all times mentioned herein, acting within the course, purpose and scope of said agency, service and employment.

7. Defendants OMNI FAMILY HEALTH CENTER, OMNI FAMILY HEALTH, INC. and DOES ELEVEN through THIRTY, breached their duty to assure the competence of their staff physicians/clinicians and/or failed to exercise ordinary care under the doctrine of corporate hospital liability and under the circumstances herein alleged, to evaluate and to assure the quality of their medical staff and resultant medical care by their staff, and breached their duty of selecting, reviewing and periodically evaluating the competency of their staff. This breach of the duty of careful selection, review, and periodic evaluation of the competency of their staff physicians/clinicians, created an unreasonable risk of harm to patients receiving care and treatment. Defendants DOES 11 through 30, inclusive, breached their duty to guard against physicians' incompetence, and further breached their duty in that they failed to assure quality medical care by the lack of prudent selection, review, and continuing evaluation of the physicians who were granted staff privileges.

///

8. On or about October 31, 2018, and continuing thereafter, plaintiff SHANDA DAVIS, placed herself in and remained under the sole and exclusive care and control of defendants, and each of them, for the purpose of receiving medical care and treatment.

9. During said periods of time hereinabove referred to, Defendants, and each of them, agreed to perform and undertook to perform all services necessary in the examination, diagnosis, treatment and rendering of medical care to said plaintiff.

10. Defendants negligently failed to possess and exercise that degree of skill and knowledge ordinarily possessed and exercised by other physicians/clinicians and/or hospitals, nurses, technicians, attendants and the like engaged in said professions in the same locality as defendants, and each of them.

11. While Plaintiff, SHANDA DAVIS, was under the sole and exclusive care and control of defendants, and each of them, negligently, carelessly and unskillfully examined, treated, cared for, diagnosed, attended, interpreted tests, administered, monitored and operated upon said plaintiff.

12. As a result of the foregoing negligence of defendants, the plaintiff suffered serious injuries and damages relating thereto, including, but not limited to, medical and related expenses, loss of earnings, emotional distress, pain, suffering, and impairment of enjoyment of life.

13. As a direct and proximate result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, plaintiff was hurt and injured in her health, strength and activities, sustaining severe shock and various injuries to her person, all of which said injuries have caused and continue to cause plaintiff great mental and physical pain and suffering, and which said injuries plaintiff is informed and believes, and thereon alleges, will result in permanent disability and impairment of earning capacity in the future.

14. As a direct and proximate result of the aforesaid negligence, carelessness and unskillfulness of the defendants, and each of them, plaintiff was compelled to and did

expend further medical expenses for further treatment and care of said plaintiff, to her further damage in the said sum.

15. Plaintiff is informed and believes and thereon alleges that as a direct result and proximate cause of the negligence of the Defendants, and each of them, Plaintiff will, for a period to time in the future, be required to employ physicians and incur additional medical and incidental expenses thereby in an amount according to proof at trial.

16. At the time of the above-mentioned incident, Plaintiff was gainfully employed. As a further and direct and proximate result of the negligence of the Defendants, Plaintiff was unable to attend to her employment, subsequently losing that income. The exact amount of such damages is presently unknown to Plaintiff and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount thereof when the same has been ascertained.

17. Plaintiff caused a notice of intention to commence the within lawsuit to be served upon defendants, and each of them, pursuant to Code of Civil Procedure Section 364. Said notice, pursuant to said statute, was served to extend the applicable statute of limitations.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

ON PLAINTIFF'S FIRST CAUSE OF ACTION FOR NEGLIGENCE:

1. For general damages according to proof;
2. For all doctor and incidental expenses according to proof;
3. For loss of earnings according to proof;
4. For costs of suit incurred herein; and
5. For such other and further relief which as to the court may seem proper.

DATED: February 7, 2020                    JOSEPH FARZAM LAW FIRM

                                           F. S. Farz_____

Joseph S. Farzam, Esq.
James Doddy, Esq.
Attorneys for Plaintiff,
SHANDA DAVIS

PLAINTIFF'S COMPLAINT- 6

**JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.

DATED: February 7, 2020

JOSEPH FARZAM LAW FIRM

*/signature/*

Joseph S. Farzam, Esq.
James Doddy, Esq.
Attorneys for Plaintiff,
SHANDA DAVIS

PLAINTIFF'S COMPLAINT- 7

# EXHIBIT B

McGREGOR W. SCOTT
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail: Edward.olsen@usdoj.gov
Telephone: (916) 554-2821
Facsimile: (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANDA DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERWIN YU LEE LOO, D.C. an individual; OMNI FAMILY HEALTH CENTER, a business entity; OMNI FAMILY HEALTH, INC, a Corporation; and DOES 1 through 30,<br><br>    Defendants. | Case No.<br><br>**CERTIFICATION OF COURSE AND SCOPE OF FEDERAL EMPLOYMENT** |

**CERTIFICATION OF COURSE AND SCOPE OF FEDERAL EMPLOYMENT**

Pursuant to 28 C.F.R. § 15.4 and the authority delegated to me by the United States Attorney for the Eastern District of California, I hereby certify the following:

1. I have read the Complaint in Kern County Superior Court Case No. BCV-20-100377, *Davis v. Loo, et al.*,

2. On the basis of the information now available to me, Defendants Omni Family Health Center and Omni Family Health, Inc., were deemed employees of the Public Health Service acting within the course and scope of their employment at the time of the incidents alleged in the Complaint.

Dated: August 5, 2020

*/s/ David T. Shelledy*
DAVID T. SHELLEDY
Civil Chief
United States Attorney's Office
Eastern District of California