UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANDA DAVIS,<br><br>                Plaintiff,<br><br>        v.<br><br>SHERWIN YU YEE LOO, D.C., et al.,<br><br>                Defendants. | No.  1:20-cv-01096-DAD-JLT<br><br>ORDER DISMISSING CLAIMS AGAINST DEFENDANT OMNI FAMILY HEALTH CENTER AND OMNI FAMILY HEATLH, INC. AND REMANDING THIS ACTION TO THE KERN COUNTY SUPERIOR COURT<br><br>(Doc. No. 3) |

This matter is before the court on the unopposed motion to dismiss plaintiff's claims brought against defendants Omni Family Health Center and Omni Family Health, Inc., (collectively "Omni Health") for lack of subject-matter jurisdiction.  (Doc. No. 3.)  In moving to dismiss those claims, defendant United States argues that plaintiff did not complete the Federal Tort Claims Act's ("FTCA") administrative tort claims process before filing suit as is required.[1] (*Id*.)  Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motion was taken under submission on the papers.  (Doc. No. 4.)  For the reasons set forth below, the court will grant the pending motion, dismiss plaintiff's claims

---

[1]  The United States is substituted as the party defendant in place of Omni Health pursuant to 28 U.S.C. § 2679(d)(2).

1

against the United States, and remand this action to the Kern County Superior Court as to plaintiff's claims against defendant Loo.

**BACKGROUND**

On February 7, 2020, plaintiff Davis filed a complaint against defendants Omni Family Health Center and Omni Family Health Inc., (collectively "Omni Health"), and Sherwin Yu Yee Loo, D.C., in the Kern County Superior Court.  (Doc. No. 1 at 4.)  On August 6, 2020, the United States filed a Notice of Substitution in this action seeking to substitute itself as the defendant in place of Omni Health.  (Doc. No. 1–2.)  Defendants filed a Certificate of Scope of Employment through a designee of the United States Attorney certifying that Omni Health was acting within the scope of its employment with the Public Health Service at the time of the alleged incidents giving rise to plaintiff's claim.  (Doc. No. 1 at 14–15.)  Pursuant to 28 U.S.C. § 2679(d)(2), for any civil action commenced in state court, whereupon the Attorney General has certified that the defendant was acting within the scope of employment for the United States, such action may be removed to a district court at any time before trial.  *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743–45 (9th Cir. 1991).  Further, the United States is substituted then as the party defendant in such case.  *Id.*  "'The Attorney General's certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court.'"  *Rodriguez v. Kwok*, No. C 13-04976 SI, 2014 WL 889570, at *3 (N.D. Cal. Mar. 3, 2014) (quoting *Osborn v. Haley*, 549 U.S. 225, 231 (2007)).  Certification may also be made by the United States Attorney's Office for the district where the civil action is brought.  28 C.F.R. § 15.4; *see, e.g.*, *D.V. v. Thompson*, No. 14-CV-02155-RMW, 2015 WL 5188126, at *1 (N.D. Cal. Sept. 4, 2015).  Here, David T. Shelledy, the Chief of the Civil Division of the United States Attorney's Office for the Eastern District of California filed a Certificate of Scope of Employment pursuant to 28 U.S.C. § 2679 and 28 C.F.R. § 15.4.  Therein, he certifies that he read the complaint originally filed by plaintiff in the superior court.  Attorney Shelledy further certifies that the named defendant, Omni Health, was acting within the scope of its employment with the

/////

2

Public Health Service at the time of the alleged incidents giving rise to plaintiff's claims asserted in this action. (Doc. No. 1 at 15.)

On August 6, 2020, the United States removed this action from the Kern County Superior Court to this federal court on the basis of federal-question jurisdiction. (Doc. No. 1.) The FTCA "'vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.'" *Valdez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); 28 U.S.C.A. § 1346(b)(1). On August 13, 2020, the United States filed the pending motion to dismiss the claims against it for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. No. 3.) Therein, defendant United States argues that plaintiff did not exhaust her administrative remedies prior to filing suit as is required. (Doc. No. 3-1.) Plaintiff did not file an opposition to the motion. The United States filed a reply on September 11, 2020, simply noting that plaintiff had not filed an opposition. (Doc. No. 5.) Thereafter, plaintiff filed a notice of non-opposition to the motion to dismiss on September 16, 2020. (Doc. No. 6.)

## LEGAL STANDARD

"When a defendant moves to dismiss a complaint or claim for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim." *Cannon v. Harco Nat'l Ins. Co.*, No. 09-cv-00026-MMA-JMA, 2009 WL 10725673, at *2 (S.D. Cal. July 16, 2009) (citing *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). As is true in evaluating a Rule 12(b)(6) motion, the

1    court need not assume the truth of legal conclusions cast in the form of factual allegations.
2    *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "By contrast, in a
3    factual attack, the challenger disputes the truth of the allegations that, by themselves, would
4    otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Extrinsic
5    evidence is heard on factual attacks and the court may review "any evidence, such as affidavits
6    and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v.
7    United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).

## ANALYSIS

In its pending motion, the United States argues that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." (Doc. No. 3-1 at 3) (citing *FDIC v. Meyers*, 510 U.S. 471, 475 (1994)). The United States acknowledges that by enacting the FTCA, Congress waived the sovereign immunity of the United States with respect to tort liability. (Doc. No. 3-1 at 3) (citing 28 U.S.C. § 1346(b)). Nonetheless, the United States asserts, "[a] federal court's jurisdiction to hear damage actions against the United States is limited by section 2675(a) of the FTCA." (Doc. No. 3-1 at 3) (quoting *Shipek v. United States*, 752 F.2d 1352, 1353 (9th Cir. 1985)). Defendant points out that § 2675(a) requires that as a prerequisite to suing the United States a plaintiff must first present his or her claim to the appropriate federal agency and then receive a denial or await the passage of six months before filing suit. (*Id.*) (citing Title 18 U.S.C § 2675(a)). Accordingly, defendant argues that because plaintiff has not submitted nor exhausted an administrative tort claim to the United States Department of Health and Human Services, plaintiff's claims against the United States must be dismissed for lack of subject-matter jurisdiction. (*Id.*)

Plaintiff does not oppose the pending motion. (Doc. No. 6.) In fact, as noted, plaintiff has filed a notice of non-opposition to the pending motion to dismiss the United States without prejudice and has agreed that the remand of this action to Kern County Superior Court is appropriate to allow plaintiff to proceed on the claims asserted against defendant Loo. (*Id.*)

The court agrees that the FTCA bars claimants from bringing suit in federal court unless they have exhausted their administrative remedies. *See McNeil v. United States*, 508 U.S. 106,

113 (1993); *see also Brady v. United States*, 211 F.3d 499, 502–03 (9th Cir. 2000) ("The purpose of the FTCA's administrative claim procedure is 'to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts.'") (quoting *Jerves*, 966 F.2d at 520). The exhaustion of administrative remedies is a jurisdictional requirement that must be strictly adhered to. *Valdez-Lopez*, 656 F.3d at 855; *Brady*, 211 F.3d at 502–03 (9th Cir. 2000). "[T]he Supreme Court has described the FTCA's exhaustion requirement as a 'clear statutory command.'" *Valdez-Lopez*, 656 F.3d at 855 (quoting *McNeil*, 508 U.S. at 113). The court further agrees that plaintiff has not alleged nor shown that she submitted an administrative tort claim to the United States Department of Health and Human Services. (Doc. No. 3-2.) Consequently, under § 2675(a) of the FTCA this court does not have subject-matter jurisdiction based on federal question jurisdiction. *See* Title 18 U.S.C § 2675(a). Because plaintiff has failed to exhaust her administrative remedies prior to filing suit, the court will grant defendant United States' motion to dismiss without prejudice.

## CONCLUSION

For the reasons set forth above,

1. The Clerk of the Court is directed to update the docket to reflect that the United States has substituted in as defendant in place of Omni Family Health Center and Omni Family Health Inc.;

2. Defendant United States' motion to dismiss this action for lack of subject-matter jurisdiction (Doc. No. 3) is granted without prejudice;

3. This action is remanded to the Kern County Superior Court to proceed on plaintiff's claims brought against defendant Loo; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**November 9, 2020**__      _____
                                    UNITED STATES DISTRICT JUDGE

5